87   533
r187s 203

# J. Russell Jones and Elizabeth Jones v. The Carey-Lombard Lumber Co.

1. Mechanic's Liens—*Who are Entitled.*—A person who by contract with one whom the owner of premises has authorized or knowingly permitted to improve the same, furnishes material, etc., is entitled to a lien.

2. Same—*Agreements Between Landlords and Tenants for Improvements.*—If an agreement between a landlord and his tenant for the erection of improvements upon the premises demised to be used by the tenant in his business, is a building contract within the terms and meaning of the mechanic's lien statute, the tenants are sub-contractors, and if it is not a building contract, it is a contract with the tenant as principal for improving his estate as tenant; in which case a person furnishing material is entitled to a lien upon the estate of the tenants.

3. Sub-contractor — *Notice Required.* — A sub-contractor is not entitled to a lien under the mechanic's lien law unless he serves a notice upon the owner as required by statute.

**Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1899.    Reversed and remanded with directions.    Opinion filed February 13, 1900.

**Statement.**—By a certain indenture of lease and contract, dated February 5, 1896, appellant, J. Russell Jones, party of the first part thereto, leased to Thomas C. Kane and David Meyer, party of the second part thereto, certain lots of land in the city of Chicago for the term of five years, from May 1, 1896, at a rental of $1,500 per annum. Said lease contained provisions relating to a building to be erected on said lots, which, so far as they are important in considering this case, or are urged by counsel to be so, are as follows, viz. :

"It is further expressly understood and agreed that the said party of the second part shall, within four months from the date hereof, erect upon said premises buildings and other permanent improvements to cost not less than the sum of six thousand dollars ($6,000), the plans and specifications for which said improvements are to be submitted to said party of the first part for his approval before

the work thereon shall begin; and no buildings or other improvements of any kind shall be placed on said premises without first obtaining in writing such approval of the plans thereof by said party of the first part.

" It is further understood and agreed that all buildings, fences, walks and improvements of every kind and nature whatsoever so erected or placed on said premises by said party of the second part shall, when placed thereon, become immediately a part of the realty and the property of the said party of the first part, and that upon the termination of this lease, either by limitation or otherwise, such buildings and improvements of every kind which shall have been placed upon said premises by said parties of the second part, are to be at once delivered into the possession of said party of the first part, together with the ground herein demised.

" It is further understood and agreed that should said party of the first part desire to use the premises herein demised at any time after the expiration of the first year of the term hereof for the purpose of erecting buildings thereon, or any other purpose, he shall have the right to terminate the said term upon first giving ninety' days' written notice unto said parties of the second part of his intention so to do, and upon the payment to said parties of the second part, should such termination occur, pursuant to the right in this clause given, at any time during the second year of the term hereof, the sum of $4,800; or should such termination occur at any time during the third year of the term hereof, the sum of $3,600; or if at any time during the fourth year of the term hereof, the sum of $2,400; or if at any time during the fifth year of the term hereof, the sum of $1,200.

" It is further understood and agreed that for the cost of any of the buildings or improvements which may be made by the parties of the second part, during the term of this lease, they shall permit no mechanic's lien to attach to said premises, and that should said parties of the second part fail to keep this agreement, and the said party of the first part be obliged, in order to protect said premises, to pay off and discharge any such mechanic's liens, he shall have the right forthwith, to terminate the term hereof, upon thirty days' notice of said parties of the second party in writing of his intention so to do.    *    *    *

" It is further understood and agreed that said parties of the second part shall, at all times, during the continuance

of this lease, keep all buildings and improvements erected or placed upon the premises herein demised insured in the name of the said party of the first part for their full insurable value.

"The said party of the second part further agrees not to remove any buildings or other improvements from said premises without the written consent of said party of the first part."

Besides the above, said indenture contains the usual long and detailed provisions in a Chicago lease. Said Kane and Meyer caused to be erected upon said premises a building as contemplated, under the provisions of said lease contract. They entered into a written contract with appellee which recites that they, said Kane and Meyer, "are about to erect certain buildings and improvements" upon the said premises for the purpose of operating a pavilion and summer garden, and are desirous of purchasing the lumber and some other building material for said improvements" from appellee. Said agreement then provides for the purchase and sale of such lumber and building material, which was afterward delivered by appellee under said contract.

Green, Honoré & Peters, attorneys for appellants.

James H. Hooper, attorney for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

The bill of complaint was filed in this case by appellee to enforce a mechanic's lien against the lots of land described in said lease contract and the improvements thereon. Said Kane and Meyer have no title to or interest in said land other than that acquired under said lease. By the decree entered in said cause, it is provided that appellee is entitled to a lien upon the title and interest of appellants in said land.

It is contended by counsel for appellants that the claim of appellee, if any it has, is that of a sub-contractor; that no

notice was served as required by statute and that therefore appellee is not entitled to enforce a mechanic's lien against the land of appellants.

In reply, counsel for appellee say in their printed argument:

" We do not claim to have served any sub-contractor's notice upon the owner. We stand or fall upon our having completely complied with the lien statute in regard to original contractors."

It seems to be the position of counsel for appellee that under the provision of Sec. 15, Ch. 82, Hurd's Stat. of 1899 (being Sec. 1 of Mechanic's Lien Law of 1895), appellee is entitled to a mechanic's lien as an original contractor. Said section provides:

" Any person who shall by any contract with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to improve the same, furnish material, etc., shall be entitled to a lien."

That provision does not apply to one who is in fact a sub-contractor. To hold otherwise would in effect be a judicial repeal of all the numerous sections in that act relating to sub-contractors. Sec 36 of said Ch. 82, provides:

" Every person who shall in pursuance of the purposes of the original contract, furnish any material   *   *   *   shall be known under this act as a sub-contractor."

In every original contract with the owner for the improvement of land, the original contractor is " one whom such owner has authorized and knowingly permitted to improve" such land. But a material man who furnishes material for such improvement under a contract with the original contractor, is not himself an original contractor, but is a sub-contractor. The statute is intended to apply to cases where the " owner has authorized or knowingly permitted " some one to so act as to constitute himself an agent for the owner. It is intended to prevent frauds, not to annul or set aside *bona fide* contracts with owners.

Said Kane and Meyer agreed with appellant, J. Russell Jones, to erect a building and make improvements upon the

land in question such as they desired for their business. The fact that the agreement for the making of such improvements is embodied in the same instrument with, and forms a part of, the lease, does not change its effect or the construction to be given to it.

We do not wish to be understood as holding that said agreement, made as it was between landlord and tenant, as to improvements upon the premises demised to be used by the tenants in their business, constitutes a building contract within the terms and meaning of the mechanic's lien statute. But if it be such a contract, then appellees are subcontractors; and if it be not such a contract, then it is a contract with said Kane and Meyer as principals for the improving of their estate as tenants. In the latter case appellee might be entitled to a lien upon the estate of the tenants. In neither case is the appellee entitled to a lien upon the property of appellants.

The decree of the Circuit Court is reversed and the cause remanded with directions to dismiss said petition. Reversed and remanded with directions.